Michael R. Curran, Attorney-at-Law
Counsel for Petitioners
36-09 Main Street, Suite 9B-2
Flushing, New York 11354
(347) 549-2079 (phone)
(347) 778-5918 (facsimile)
mrc4law@yahoo.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X
:
**In the Matter of** :
: Case No. 22-cv-_____
Huiling Li (A-208-484-141), :
Shujie Wang, (A-207-873-769), :
Yue Wang, (A-207-873-771) and :
Penghao Wang, (A-207-873-770), : **Plaintiffs' Complaint in**
: **the Nature of Relief in**
**Plaintiffs,** : **Form of Mandamus**
:
v. :
:
Alejandro Mayorkas, Secretary, Department :
of Homeland Security, Ur M. Jaddou, :
Director, U.S. Citizenship and Immigration :
Services and Nelson Perez, Acting Assistant :
Director, Kansas City District Office, U.S. :
Citizenship and Immigration Services, :
:
**Defendants.** :
----------------------------------------------------------------------X

COME NOW, Huiling Li, Shujie Wang, Yue Wang and Penghao Wang, plaintiffs in the above-styled and numbered case, and for a cause of action would show unto the Court the following facts and circumstances:

1

## Nature of the Action

1. This is an action for declaratory, mandamus and injunctive relief.

2. This action is brought against defendants to compel action on applications on I-485 Forms for Applications to Register Permanent Residence or Adjust Status for four (4) pending Applicants. The Applications were properly filed and remain within the jurisdiction of defendants as government actors, who have improperly withheld action or adjudication on the applications to register permanent residence or adjust status.

## The Parties

3. Plaintiffs are Principal Applicant Huiling Li ("Mrs. Li") (A-208-484-141), Derivative Spouse Beneficiary Shujie Wang ("Mr. Wang") (A-207-873-769), Derivative Child Beneficiary Yue Wang ("Ms. Wang") (A-207-873-771) and Derivative Child Beneficiary Penghao Wang (A-207-873-770) ("Mr. Penghao") (collectively "Plaintiffs"), who are natives and citizens of the Peoples' Republic of China. Plaintiffs currently reside in Queens County, New York State at 138-35 39th Avenue, Unit 8K, Flushing, New York 11354. On November 5, 2014, Mrs. Li submitted her initial Form I-526, Immigrant Petition by Alien Entrepreneur, based upon Section (b)(5)(C)(ii) of the INA, sponsoring the family as derivative parties. *See* **Exhibit "A"** annexed hereto.[1]

---

[1] The documentary Exhibits are annexed hereto. *See also* annexed 10/20/2022 Affidavit of Huiling Li.

4.     Defendants are government actors acting in their official capacities for the relevant agencies with which they are affiliated: Alejandro Mayorkas, Secretary, Department of Homeland Security, 300 7th Street SW, Washington, DC 20024; Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services, 5900 Capital Gateway Drive, Camp Springs, Maryland 20746; and Nelson Perez, Acting Assistant Director, Kansas City District Office, U.S. Citizenship and Immigration Services, 9747 NW Conant Avenue, Kansas City, Missouri 64153.

## Jurisdiction

5.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1361 (the mandamus statute), 5 U.S.C. § 701 (judicial review statute) et seq. and 28 U.S.C. § 2201 (declaratory remedy statute) et seq.  Relief is requested pursuant to said statutes.

6.     Relief is also requested pursuant to 5 U.S.C. § 702 (right of review) and 28 U.S.C. § 2202 (further relief).

7.     The Court has authority to grant attorney's fees and other expenses pursuant to Equal Access to Justice Act ("EAJA").

## Venue

8.     Venue is proper as the United States defendants may be deemed to "reside" in the Southern District of New York pursuant to 28 U.S.C. § 1391, as the Department of

Homeland Security and the United States Citizenship and Immigration Services have major locations and presences at 26 Federal Plaza, New York, New York, in the Southern District.

9. Venue is proper further as the United States agencies enumerated as defendants may be validly served in the Southern District of New York.

## Factual Background

10. The USCIS approved Mrs. Li's I-526 petition on October 5, 2015. **Exhibit "A,"** *supra.* Subsequently, plaintiffs submitted Form I-485 Applications to Register Permanent Residence or Adjust Status on or about November 9, 2015, jointly, as a family. Mrs. Li and the Derivative Beneficiary Applicants received Form I-797C, Notices of Action and were assigned Receipt Numbers LIN1690189419 (Mrs. Li), LIN1690189425 (Mr. Wang), LIN1690189422 (Ms. Wang) and LIN1690189428 (Mr. Wang, son). *See* **Exhibit "B."**

11. On December 24, 2015, plaintiffs received Form I-797C, Notice of Action. The Notice informed the applicants that the USCIS had transferred plaintiffs' I-485 cases to the USCIS California Service Center. *See* **Exhibit "C."**

12. Following this notice, for four years and five months, plaintiffs heard nothing from the USCIS. There was silence.

13. Then, on or about April 14, 2020, all four plaintiffs received Request for Evidence ("RFE") letters from the USCIS. *See* **Exhibit "D."** Plaintiffs' Attorney of Record timely filed RFE responses.

14. After about a year, on or about April 13, 2021, three of the plaintiffs—Mrs. Li, Mr. Wang and Ms.Wang—received a second set of similarly themed RFE letters from the USCIS.  *See* **Exhibit "E."** Plaintiffs' Attorney of Record again timely filed RFE responses.

15. Following the filing of the second RFE responses, on or about October 22, 2021, all four plaintiffs received Form I-797C, Notices of Action. The Notices informed the plaintiffs, after seven years, the USCIS had completed preliminary reviews of the applications and had transferred plaintiffs' I-485 cases to the USCIS National Benefits Center.  Since that time, over a year ago, Mrs. Li and her family have received no further communications regarding their case statuses.  *See* **Exhibit "F."**

16. During the pending period of the I-485 cases, Mrs. Li's Attorney of Record and filed multiple case inquiries based on "Outside Normal Processing Times" via the USCIS E-Request.  *See* **Exhibit "G."**

17. Mrs. Li and her family's I-485 cases statuses from the USCIS's online database remain showing "Case was Transferred and a New Office has Jurisdiction" with no update. *See* **Exhibit "H."**

18. Although over seven years have elapsed, the USCIS has not completed the adjudication of Mrs. Li and her family's I-485 Applications. The application remain pending as of the date of the Complaint, which is highly distressing for the plaintiffs.

**Exhaustion of Administrative Remedies**

19. Mrs. Li has checked her case status many times using the USCIS's online database. Mrs. Li has also contacted the USCIS directly many times and filed multiple case inquiries about the I-485 Applications. (Mrs. Li's Attorney of Record has assisted in these inquiries.) She has not received sensible responses regarding the case statuses as of the date of the Complaint. The regulations do not provide for a procedure to fairly address unlawfully delayed or withheld processing and non-adjudication of I-485 Applications, and there is no alternative remedy available for Mrs. Li other than court action.

**Legal Grounds for Relief and Suffering of Irreparable Harm**

20. The foregoing allegations contained in Paragraphs "1 to "19" above are incorporated by reference, as if set forth more fully herein.

21. The USCIS, which is a part of the Department of Homeland Security, breached its duty to process Mrs. Li and her family's Applications for adjustment of status within a reasonable time. Mrs. Li and her family filed their adjustment of status Applications on or about November 9, 2015, but the USCIS has failed to act on the matter over seven years.

22. "The Secretary of Homeland Security [is] charged with the administration and enforcement of [the INA] and all other laws relating to the immigration and naturalization of aliens…[.]" 8 U.S. Code §103(a)(1). The Secretary has control, direction and supervision

of the Immigration Service. 8 U.S. Code §103(a)(2).  The duty to administer immigration laws is delegated to immigration officers. 8 C.F.R. §103.1(b).

23.   An Application for Adjustment of Status is prescribed and authorized by 8 U.S. Code §1255, INA §245.

24.   The USCIS and the Department of Homeland Security are responsible for processing plaintiffs' adjustment of status applications.

25.   The processing of a case may not be withheld except in cases where "an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition…[.]" 8 C.F.R. §102.2(b)(18).  If relief is validly withheld, it may not be withheld for more than one year. *Id.*  If relief is withheld for more than one year, the District Director must review the case and may grant only two six-month extensions where appropriate.  *Id.*  If the investigation is not completed by the second anniversary, the case must be referred to a Regional Commissioner. *Id.*

26.   There is no evidence to show that there is or was any eligibility issue in plaintiffs' I-485 Applications. There also is no evidence to show that the District Director or a Regional Commissioner authorized any extension pursuant to federal regulations.

27.   Mrs. Li and her family submitted their adjustment Applications on or about November 9, 2015, based on her previously approved I-526, Immigrant Petition by Alien

Entrepreneur, and an immigrant visa was available to them. As such, there is no legal or practical justification for the USCIS's failure to act on Mrs. Li and her family's Applications for over seven years.

28. Furthermore, the regulations provide that "[t]he applicant [for adjustment of status] shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 CFR §245.2(a)(5)(i). The USCIS, however, has not notified Mrs. Li and her family about its decision on their Adjustment of Status Applications.

29. The duty to process plaintiffs' I-485 Applications within a reasonable period of time was breached when the government failed to adjudicate Mrs. Li and her family's Applications after a delay of over seven years. It is fundamentally unfair to have Mrs. Li and her family wait indefinitely for the adjudication of their I-485 Applications.

30. No provision in the statute or regulations precludes judicial review of the government's failure to act on a visa petition or application.

31. Mrs. Li and her family have been adversely affected and are aggrieved by the government's failure to act.

32. The USCIS has unlawfully withheld and unreasonably delayed the processing of Mrs. Li and her family's I-485 Applications.

33. The USCIS's withholding of action on Mrs. Li and her family's Applications is unlawful, arbitrary and capricious. It is also a violation of Mrs. Li's and her family's rights

to both substantive due process of the 5th Amendment to the U.S. Constitution and the procedural due process of the 14th Amendment.

34. The USCIS's unlawful withholding of action on Mrs. Li and her family's Applications exceeds the scope of USCIS authority and is in violation of the procedures prescribed by statutes and regulations.

35. A discretionary denial of Mrs. Li's and her family's Applications to Adjust Status is bounded by the regulations at 8 C.F.R. 102, 2(b)[18] and 8 C.F.R. 245, 2(a)(5)(i). USCIS has no discretion to delay or withhold action on the Applications for over seven years.

36. Mrs. Li and her family are prejudiced by the USCIS's unlawful delay and/or withholding of action on their Adjustment of Status Applications. The USCIS has breached its duty to process Mrs. Li's and her family's Applications within a reasonable time.

37. As a result of the USCIS's failure to perform its duty, Mrs. Li and her family have suffered, and are suffering, and will continue to suffer from irreparable harm.  Mrs. Li and her family have suffered grievously because of the USCIS's inaction.

## **Entitlement to Attorneys' Fees and Costs under the EAJA**

38. Mrs. Li and her family have suffered financial harm in business opportunity and have been forced to retain attorneys to pursue the instant action.  Mrs. Li and her family are entitled to costs and attorney's fees associated with the action.  Congress has authorized fee recovery by prevailing parties in the Equal Access to Justice Act ("EAJA"). Under the

EAJA, the prevailing party in litigation is entitled to attorney's fees and costs if the government fails to show that its position was substantially justified or that special circumstances make an award unjust and that the requested fees and costs are unreasonable. *Perez-Arellano v. Smith*, 279 F.3d. 791, 793 (9th Cir. 2002) (citing 28 U.S.C § 2412(d)(1)(A)). As there is no lawful basis for the unreasonable delay, the government's position is not substantially justified; therefore, attorney's fees are appropriate per the Equal Access to Justice Act and may be awarded to the plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that the Court grant the following relief on this application to the Court:

A.  compel defendants to act on plaintiffs' I-485 Applications to Register Permanent Residence or Adjust Status forthwith;

B.  declare that the USCIS has jurisdiction to act on plaintiffs' Adjustment of Status Applications as a matter of law;

C.  declare that plaintiffs are statutorily eligible to adjust their immigration statuses to that of lawful permanent residents;

D.  declare that plaintiffs are admissible for adjustment of status purposes as a matter of law;

E.  declare that defendants' inaction and extended delay has been unlawful;

F.    grant plaintiffs attorneys' fees, costs and expenses under the Equal Access to Justice Act; and

G.    grant any other relief that the Court deems just and proper.

Dated:    October 30, 2022

>Respectfully submitted,
>
>*Michael R. Curran /s/*
>Michael R. Curran
>Attorney for Plaintiffs

## List of Exhibits

**Exhibit "A"**    10/05/2015 I-797 Notice of Approval of I-526 Petition

**Exhibit "B"**    11/09/2015 I-797 Notices of Receipt of I-485 Applications

**Exhibit "C"**    12/24/2015 I-797 Notices of Transfer of I-485 Applications

**Exhibit "D"**    04/14/2020 Request for Evidence ("RFE") letters (4)

**Exhibit "E"**    04/13/2021 Request for Evidence ("RFE") letters (3)

**Exhibit "F"**    10/22/2021 I-797 Notice of Transfer of I-485 Applications

**Exhibit "G"**    USCIS Responses to Case Inquiries "outside processing time"

**Exhibit "H"**    Printout October 2022 showing current case status